IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01702-WYD-MJW

HANNAH SHELBY STAUFFER,
JASMINE STAUFFER,
KIDS CAMPS,
STAUFFER SCHOOLS, INC.,
DOBORA LOSAVIO, and
JOHN STAUFFER,

 Plaintiffs,

v.

JOLENE BLAIR,
DANIEL KAUP,
KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.,
PETER DUSBABEK,
TODD VRIESMAN,
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.,
J. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, L.L.P.,
CHERYL TRINE,
CHERYL TRINE LAW FIRM, LLC,
CHRISTINE SKORBERG, and
A WOMAN'S HEALING CENTER, LLC,

 Defendants.

## ORDER ON RECOMMENDATION TO DISMISS CASE

This matter is before the Court on the Recommendation to Dismiss case filed on September 4, 2012.  Magistrate Judge Watanabe finds therein that this case should be dismissed *sua sponte* for the same reasons outlined in the Recommendation of April 24, 2012, issued in Case No. 11-cv-02389-WYD-MJW.  (Recommendation at 2.)  That

Recommendation found that the federal claims should be dismissed based on the Rooker-Feldman doctrine and the state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). Case No. 11-cv-2389 was also filed by Plaintiff John Stauffer against most of the same Defendants.[1]

The Recommendation in this case notes that the Court inquired on the record at the status conference on September 4, 2012 as to how the present case differs from 11-cv-02389, and was advised by Plaintiff John Stauffer that "the two cases were the same". (Recommendation at 2.) Indeed, I have verified that the claims in the complaints in the two cases are virtually identical. The Recommendation also finds that dismissal is appropriate on an alternative ground—under the doctrine of res judicata. (*Id.*)

On September 16, 2012, Plaintiffs filed a timely Objection. This necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted). While the court may place

---

[1] An Order was issued affirming that Recommendation on August 8, 2012, and Final Judgment was issued in that case on August 20, 2012.

whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

In the case at hand, Plaintiffs essentially make the same objections to application of the Rooker Feldman doctrine as they did in their objections filed on May 16, 2012, in 11-cv-02389 (ECF No. 96) and their reply to Defendants' response to the objections (ECF No. 102). These objections were rejected by the Court in its Order of August 8, 2012 (ECF No. 126). Mr. Stauffer continued to make these same assertions in post-judgment motions filed in 11-cv-02389 that were denied by the Court. Thus, Plaintiffs' arguments in their Objection in this case have been thoroughly considered and rejected in Mr. Stauffer's earlier filed case, and are overruled for the same reasons addressed in that case. Further, Magistrate Judge Hegarty's Recommendation to Dismiss Case is affirmed and adopted for the same reasons discussed in my Orders in 11-cv-02389. It is also affirmed on the alternative ground that the claims are barred under the doctrine of res judicata, which Plaintiffs did not address in their Objections.

Based upon the foregoing, it is

ORDERED that the Recommendation to Dismiss Case (ECF No. 14) is **AFFIRMED AND ADOPTED**, and this case is **DISMISSED WITH PREJUDICE**.

Dated:  November 13, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge