IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01702-WYD-MJW

HANNAH SHELBY STAUFFER,
JASMINE STAUFFER,
KIDS CAMPS,
STAUFFER SCHOOLS, INC.,
DOBORA LOSAVIO, and
JOHN STAUFFER,

    Plaintiffs,

v.

JOLENE BLAIR,
DANIEL KAUP,
KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.,
PETER DUSBABEK,
TODD VRIESMAN,
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.,
J. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, L.L.P.,
CHERYL TRINE,
CHERYL TRINE LAW FIRM, LLC,
CHRISTINE SKORBERG, and
A WOMAN'S HEALING CENTER, LLC,

    Defendants.

**ORDER**

This matter is before the Court on "Plaintiffs' Rules 59 and 52 Motions to Amend/Alter Judgment and for Additional Findings of Fact and Rulings of Law filed on November 26, 2012" and "Plaintiffs' Rule 60(b)(4) Collateral Attack on the Larimer County District Court's Void Order/Judgment Dated December 19, 2007", both filed on

November 26, 2012. Before I could issue a ruling on the motions, Plaintiffs filed a Notice of Appeal.

On December 19, 2012, the Tenth Circuit abated the proceedings pending notification that the district court has disposed of the post-judgment motions. Accordingly, I now proceed to the merits of Plaintiffs' motions.[1]

Plaintiffs seek alteration, amendment or relief from the Final Judgment entered on November 14, 2012. Since Plaintiff's motions were filed within 28 days of judgment, I apply Fed. R. Civ. P. 59(e).[2] There are three major grounds that justify relief under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion seeking reconsideration or alteration/amendment of the judgment "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. Such a motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

In the case at hand, Plaintiffs propose several reasons why the Court should alter or amend the entry of judgment against them. However, the vast majority of those

---

[1] I note that on January 29, 2013, "Plaintiffs' <u>Supplemental 'Rooker' Caselaw and Argument</u> to their FRCP Rules 60(b)(4), 59 and 52 Motions Previously Submitted" was filed. On February 1, 2013, Plaintiffs filed a supplement to their previously submitted motions, and filed a corrected supplement on February 2, 2013. Plaintiffs also filed a "Notice of Court of Appeals Filing" on January 18, 2013,attaching their "Combined Response to Show Cause Order and Motion for Immediate FRCP 60(b)(4) Void State Court Order Determination, which was filed in the Tenth Circuit.

[2] While Plaintiffs also seek relief under Fed. R. Civ. P. 60(b)(4), asserting that the state court judgment is void, I find that Rule 59(e) controls. I also find that Plaintiffs have not shown they are entitled to relief under Rule 60(b)(4).

arguments have repeatedly been advanced before the Court and rejected both by me and by Magistrate Judge Shaffer.  Further, Plaintiffs have not shown that there has been an intervening change in the controlling law or that there is new evidence that was not accounted for by the Court.  They also have not shown the need to correct clear error or prevent manifest injustice.  A motion seeking reconsideration of the judgment "is not a license for a [party] to get a 'second bite at the apple' and make legal arguments that could have been raised before".  *Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997).

Plaintiffs assert, however, that the Court has "completely and utterly failed to address, let alone determine, the most critical and dispositive issue in this action, specifically, whether the state court (ie: Larimer County, Colorado District Court and its Receiver), had jurisdiction over the 'Eleven' partnerships, at the time of the state court's judgment entered against those partnerships (ie: *Receiver Order*, dated December 19, 2007), and deprivation of all of their property (ie: the 'taking') on December 19, 2007, by the State Court Receiver."  (Pls.' Rules 59 and 52 Mots. to Amend/Alter J. and for Additional Findings of Fact and Rulings of Law at 1-2.)  The reason why this issue was not decided is because I found that the federal claims were subject to dismissal under the Rooker-Feldman doctrine and the state law claims were subject to dismissal pursuant to 28 U.S.C. § 1367(c)(3).  While Plaintiffs argue that I erred in this finding, I find no basis to alter or amend the judgment as to this issue.  Alternatively, I also found that the claims were subject to dismissal under the doctrine of res judicata.  Again, I find no basis in Plaintiffs' filings to alter or amend the judgment as to this finding.

Accordingly, it is

ORDERED that "Plaintiffs' Rules 59 and 52 Motions to Amend/Alter Judgment and for Additional Findings of Fact and Rulings of Law filed on November 26, 2012" and "Plaintiffs' Rule 60(b)(4) Collateral Attack on the Larimer County District Court's Void Order/Judgment Dated December 19, 2007" (ECF Nos. 18 and 19) are **DENIED**.

Dated: March 11, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge